# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DALE WAYNE GOOCH,                    )
                                     )
        Petitioner,              )
                                     )
    v.                          )      No. 4:11CV00491 TCM
                                     )
JAY CASSADY,[1]                      )
                                     )
        Respondent.              )

## MEMORANDUM AND ORDER

    This matter is before the Court for review and final disposition of a petition for writ of habeas corpus filed by Dale Wayne Gooch ("Petitioner") pursuant to 28 U.S.C. § 2254.[2] After reviewing the case, the Court has determined that Petitioner is not entitled to relief because certain parts of ground two, as well as grounds one, three, and four are procedurally barred; and the rest of the second ground for relief lacks merit. As a result, the petition will be denied without further proceedings.

---

    [1] The record reveals that Petitioner was incarcerated at the Jefferson City Correctional Center ("JCCC") at the time this habeas action was filed and is still incarcerated there. Dave Dormire, the originally named Respondent, was the Warden of the JCCC when Petitioner filed this action, but Jay Cassady is now the JCCC's Warden and will be substituted as the proper Respondent. See Rule 2 (a), Rules Governing Section 2254 Cases in the United States District Courts.

    [2] The parties consented to the jurisdiction of the undersigned magistrate judge to resolve this proceeding. 28 U.S.C. § 636(c).

## Background

By an information filed in July 2007, Petitioner was charged with three counts of statutory sodomy in the first degree, in violation of Mo. Rev. Stat. § 566.062, for having deviate sexual intercourse with A.M. ("Victim"),[3] who was less than twelve years old, between October 1, 2006, and December 31, 2006. (Information, Legal File, Resp't Ex. B, at 13-14.) In the trial court proceedings on that information, Petitioner was represented by two attorneys: first, by Derrick R. Williams, who represented Petitioner until January 11, 2008, and then by Reginald Williby,[4] who represented Petitioner as of January 11, 2008. (See January 11, 2008 entries on docket sheet for State v. Gooch, No. 07NM-CR00778, Legal File, Resp't Ex. B, at 8.)

Pursuant to a plea agreement with the prosecutor, Petitioner pled guilty to Count III, which specified that the offense involved Petitioner "placing [Victim's] hand on [Petitioner's] penis." (Information, Legal File, Resp't Ex. B, at 13-14; Guilty Plea Tr., Legal File, Resp't Ex. B, at 15-26.) Before the court accepted Petitioner's plea, Petitioner advised the court that he understood the punishment range was from ten years to life in prison for the offense in Count III; that he understood each of the constitutional trial rights he was waiving by pleading guilty; and that he admitted committing the conduct charged in Count III and was

---

[3] Some of the state court materials identify the minor victim. The Court will direct the Clerk's Office to retain the state court materials under seal.

[4] This person's last name is spelled "Wiliby," "Williby," and "Willibey" throughout the state court record. This Court will spell it "Williby," which is how the state appellate court spelled the name.

"in fact guilty of this crime." (Guilty Plea Tr., Legal File, Resp't Ex. B, at 18-22.)  During the plea hearing, the prosecutor advised the court that the agreement was "an open plea with the State asking for 25 years to serve as a cap" on the sentence.  (Id. at 18-19, 22-24.)  The court accepted Petitioner's plea; and, on May 13, 2008, sentenced Petitioner to twenty-five years' imprisonment, after considering a ten-year to fifteen-year sentence recommended in a sentencing assessment report (SAR) prepared by the state Board of Probation and Parole, a ten-year sentence urged by Petitioner's counsel, and a twenty-five year sentence requested by the prosecutor.  (Id. at 25; Sentencing Tr., Legal File, Resp't Ex. B, at 31-32,  34; J., Legal File, Resp't Ex. B, at 38-39; Post-conviction Mot. Ct. J., Legal File, Resp't Ex. B, at 6.)

After imposition of sentence, the court asked Petitioner about his counsel's representation, and Petitioner acknowledged that he had been represented by Williams and Williby; that he was satisfied with their representation; that they had done what he had asked; and that he had had "ample opportunity [before he pled guilty] to discuss" the case with Williby.[5]  (Sentencing Tr., Legal File, Resp't Ex. B, at 35-36.)  Upon Petitioner's sentencing, the other two charges were dismissed.  (See Sentencing Tr., Legal File, Resp't Ex. B at 36; J., Legal File, Resp't Ex. B, at 38.)

---

[5] Additionally, in response to questioning by the court during the plea proceeding, Petitioner had stated that he was "completely satisfied with the legal representation" Williby had provided and that Williby had "done everything that [Petitioner] asked him to do as [Petitioner's] lawyer."  (Plea Tr., Legal File, Resp't Ex. B, at 21.)

While Petitioner did not file a notice of appeal,[6] he did file a timely pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Pet'r Pro-Se Post-Conviction Mot., filed June 18, 2008, Legal File, Resp't Ex. B, at 40-45.) In that motion, Petitioner alleged his rights to due process and the effective assistance of counsel were violated because his attorney misled him about his plea agreement and "every fa[cet] of my cause." (Id. at 41.)

In an amended motion filed by Petitioner's appointed attorney, Petitioner argued that he was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments, in several respects. (Pet'r Am. Post-Conviction Mot., filed Dec. 12, 2008, Legal File, Resp't Ex. B, at 46-51.) In particular, Petitioner contended that his attorneys knew Petitioner had spina bifida but failed to raise Petitioner's mental status; his attorneys failed to advise Petitioner that he had the option to pursue a not guilty by reason of insanity, or mental disease or defect, plea (an "NGRI plea"); Petitioner's counsel failed to file a motion "to have [Petitioner] examined by a mental health professional to determine if [Petitioner] was competent to assist in his own defense and/or competent at the time" of the alleged offense; Williby misled Petitioner by advising him that he would receive a term of imprisonment of no more than fifteen years for pleading guilty to Count III; and Petitioner's

---

[6] An appeal from a guilty plea is not the proper time to present federal constitutional claims in state court as "[i]t is well settled that in a direct appeal from a guilty plea, th[e Missouri appellate] court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment." **State v. Goodues**, 277 S.W.3d 324, 326 (Mo. Ct. App. 2009); accord **State ex rel. Simmons v. White**, 866 S.W.2d 443, 446 n.4 (Mo. 1993) (en banc).

counsel did not object when the court considered "other 'bad acts,'" rather than just conduct relevant to the charged offense in Count III, when sentencing Petitioner. (Id. at 47-48.) On July 24, 2009, the motion court[7] denied Petitioner's amended post-conviction motion after holding an evidentiary hearing at which Petitioner and each of Petitioner's attorneys testified. (Mot. Hr'g Tr., Resp't Ex. A; Mot. Court's Findings of Fact, Conclusions of Law, and J., dated Aug. 17, 2009, Legal File, Resp't Ex. B, at 52-60 ("motion court's judgment.").) In relevant part, the motion court concluded that Petitioner failed to provide "persuasive evidence that he was not competent to plead guilty;" that his "attorneys considered [Petitioner]'s mental status and correctly concluded . . . that he was competent to proceed"; and that "[t]here was no showing of a factual basis indicating the questionable nature of [Petitioner's] mental condition that should have caused either attorney to initiate an independent investigation . . . or move for an examination to determine his competency." (Mot. Ct. J. at 5, Legal File, Resp't Ex. B, at 57.)

Petitioner raised only one claim in his post-conviction appeal, that his rights to due process and the effective assistance of counsel were violated by his attorneys' failure to move the trial court for a mental examination to determine if he was competent to proceed with the criminal case. (Pet'r Br., Resp't Ex. C, at 7, 9.) The Missouri Court of Appeals for the Southern District affirmed the motion court's judgment. (Gooch v. State, No. SD29981,

---

[7] The judge presiding over Petitioner's post-conviction proceedings, the Honorable Paul McGhee, was not the same judge who presided over Petitioner's plea proceedings, the Honorable Fred W. Copeland.

Opinion, dated May 6, 2010, Resp't Ex. E.)  The state appellate court applied the ineffective

assistance of counsel claim standard set forth in **Strickland v. Washington**, 466 U.S. 668,

687 (1984), concluded that Petitioner failed to show that counsel's performance was

deficient, and, based on that conclusion, found it unnecessary to address the prejudice

element of Petitioner's ineffective assistance of counsel claim.  (Gooch v. State, No.

SD29981, Opinion, dated May 6, 2010, Resp't Ex. E.)  The state appellate court issued its

mandate on May 24, 2010.  (See docket sheet for Gooch v. State, No. SD29981 (Mo. Ct.

App. filed July 31, 2009) (docket sheet available at

https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited Mar. 24, 2014).)

In its opinion, the Missouri Court of Appeals stated the relevant facts as follows with

respect to Petitioner's guilty plea to Count III and subsequent proceedings:

> [At the plea proceeding, Petitioner] informed the trial court of his intention to
> plead guilty to Count III; that he had consulted his attorney about pleading
> guilty; that he understood the range of punishment he was facing for that
> crime; that he was waiving his right to trial as well as other rights; that he was
> waiving his right to testify on his own behalf; that he understood the terms of
> the plea agreement with the State; and that he was satisfied with his counsel's
> representation of his interests.  He then informed the plea court that he desired
> to plead guilty to Count III because he was "in fact guilty of this crime."  The
> plea court then found [Petitioner]'s plea "has been made freely and voluntarily
> and with a full understanding of the rights and of the consequences of that
> plea."  The plea court then accepted [Petitioner]'s plea and ordered a[n SAR].
>
> At the sentencing hearing on May 13, 2008, the State reiterated that it
> was recommending a cap of twenty-five years on [Petitioner]'s sentence as
> well as recommending [Petitioner] serve the full twenty-five years.  The State
> then took issue "with the [SAR's finding] that [Petitioner] was at low-risk to
> re-offend, for the simple fact that [Petitioner] admitted to doing this more than
> 10 times and admitted to being aroused by a six-year-old child . . . ."
> [Petitioner]'s counsel then admitted [Petitioner]'s conduct toward [V]ictim was

"both heinous and appalling," however, he believed [Petitioner] should be sentenced to ten years imprisonment and asked the sentencing court to "take into consideration that [Petitioner] is disabled, and he'll be going into a very vicious environment . . . ." Having fully reviewed the [SAR], the sentencing court sentenced [Petitioner] to twenty-five years in the Missouri Department of Corrections and dismissed Counts I and II which were still pending against [Petitioner]. Following pronouncement of the sentence, [Petitioner] informed the sentencing court he was satisfied with his representation by [Williby and] his previous counsel, [Williams].

On June 18, 2008, [Petitioner] filed a *pro se* [post-conviction motion]. The motion court appointed counsel to represent [Petitioner] and on December 12, 2008, an amended Rule 24.035 motion was filed.

An evidentiary hearing on [Petitioner's amended post-conviction] motion was held on July 17, 2009. [Petitioner] testified at the hearing that he has suffered from spina bifida since birth and that both of his attorneys had been made aware of his condition. He testified that spina bifida is a physical condition where the area between your spine and your brain "doesn't close off. . . ." He related his spina bifida affects his ability to understand and he has "slow learning disabilities and there[] [are] certain things . . . that [he] can't comprehend . . . like most people can." He stated he remembered discussing the possibility of his having a mental evaluation with both . . . Williby and . . . . Williams, but it was never done and he was unsure why they did not request one. He stated that when the charges and the plea agreement were explained to him he "didn't completely understand them. . . ." With that being said, he admitted he understood "that there were three separate counts;" that "the State was willing to dismiss two of them in exchange for a plea on the third;" that he understood "the range of punishment on each count was ten years to life . . . ;" and that he knew probation or "120 days shock" incarceration was not an option based on the charges against him. He further admitted that his mental condition or health had "not changed at any time" between the present and the time of his plea.

. . . Williams testified that [Petitioner]'s parents informed him about [Petitioner]'s physical and medical condition; that they also discussed his cognitive issues with him; and that he felt [Petitioner] had some "diminished mental capacity." [Petitioner]'s parents told . . . Williams that [Petitioner] had difficulty in school especially in the 8th or 9th grade such that they removed him from school because he was not progressing with his grade level. He related that he was aware [Petitioner] had a "shunt" to help him deal with fluid

in his spinal column and that he was aware that spina bifida can cause some cognitive impairment; however, he related no significant cognitive impairments manifested themselves in his conversations with [Petitioner]. He stated that throughout his representation [Petitioner] gave [Williams] the impression that [Petitioner] "understood the nature of the charges against him, the range of punishment associated with those charges, and the procedural posture of the case and the procedures that would occur. . . ." . . . Williams also stated that [Petitioner] was able to actively and intelligently participate in discussions about his case and appeared to understand their mutual discussions and the evidence alleged against him. He stated he did not raise a competency defense because he felt there was no basis for such a concern. He stated that throughout his dealings with [Petitioner] "[t]here was nothing about his conduct that addressed those factors under that competency standard under the law. There was nothing about his conduct that would suggest he was incompetent to proceed." . . . Williams likewise recited that the case law and the statutes on competency say that "all one has to do is understand the nature of the charges against them—and . . . [Petitioner] understood that. . . ." He likewise related he knew [Petitioner] understood the range of punishment against him and [Petitioner] always appeared to understand him during their conversations. Accordingly, he felt that based on [Petitioner]'s interaction with him there was no need to explore [Petitioner]'s competency prior to entering the guilty plea.

    . . . Williby testified that [Petitioner] led him to believe that he understood the charges against him, the criminal procedures he was undergoing, and the range of punishment he was facing. He related [Petitioner] actively participated in his defense, discussed his confession at length with . . . Williby, and seemed to understand everything that was occurring. He related he was also aware of [Petitioner]'s school records which indicated he had failed 8th grade four times such that "he was removed from school." . . . Williby also stated he was aware [Petitioner] suffered from spina bifida and he knew of the various physical and mental issues which can arise from such a condition. . . . . Williby opined that because [Petitioner] understood the charges against him and the legal proceedings he was participating in, there was no reason for . . . Williby to explore the issue of [Petitioner's] competency under the facts and the law. He stated if he had had valid concerns he would have explored the issue of [Petitioner]'s competency.

    On August 17, 2009, the motion court entered its "Judgment" and "findings of Fact and Conclusions of Law." In its findings, the motion court concluded "[t]here is no persuasive evidence that [Petitioner] had a mental

disease or defect that excluded him from responsibility for his criminal conduct; neither was there persuasive evidence that he was not competent to plead guilty."  Further, it determined [Petitioner]'s attorneys "considered [his] mental status and correctly concluded that a[n] [incompetence defense] was not viable, and that he was competent to proceed."  As a result the motion court denied [Petitioner]'s amended Rule 24.035 motion.

**Gooch v. State**, No. SD29981, Opinion, dated May 6, 2010, Resp't Ex. E, at 4-7 (twenty-eighth, forty-first, fifty-fourth, and fifty-seventh through fifty-ninth alterations in original).

The appellate court denied Petitioner's sole point, that his attorneys did not provide effective assistance of counsel in that they failed to seek a mental examination of Petitioner to determine his competency to proceed with the criminal case, as follows:

"When a [Petitioner] in a [postconviction] proceeding challenges his attorney's failure to request a mental examination, he must show the existence of a factual basis indicating the questionable nature of his mental condition, which should have caused the attorney to initiate an independent investigation of it." Porter v. State, 928 S.W.2d 1, 2 (Mo. [Ct.] App. 1996). "In the absence of some suggestion of mental instability, there is no duty on counsel to initiate an investigation of the mental condition of an accused" and "[t]he need for an investigation is not indicated where the accused has the present ability to consult rationally with counsel and to understand the proceedings." Henderson v. State, 977 S.W.2d 508, 511 (Mo. [Ct.] App. 1998). "In addition, [a] Court must look to the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration." Cook v. State, 193 S.W.3d 378, 386 (Mo. [Ct.] App. 2006).  Further, "'[t]he suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial'" and it has been held that "'an accused may be mentally retarded in some degree and still be competent to stand trial or enter a knowing, intelligent plea of guilty.'" Id. (quoting Henderson, 977 S.W.2d at 511).

In his point relied on and attendant argument, [Petitioner] appears to suggest that because his attorneys knew that he suffered from spina bifida and that he left school without graduating, they had an affirmative obligation to investigate his mental fitness to proceed.  This Court, however, is unable to hold that, as a matter of law, counsel is ineffective if he knew only the

foregoing facts. "The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial." Baird [v. State], 906 S.W.2d [746, 749 (Mo. Ct. App. 1995)]. "Rather, the test must be 'whether a [Petitioner] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" Henderson, 977 S.W.2d at 511 (quoting Dusky v. United States, 362 U.S. 402, 403 (1960) [(per curiam)]).

Here, [Petitioner] testified that he sometimes had difficulty comprehending issues, but that he was able to understand matters when they were "broke down" for him and more fully explained. He offered no other testimony about any mental issues from which he suffered. . . . Williams acknowledged that [Petitioner]'s parents discussed his physical conditions, possible cognitive issues, and school record with him prior to [Petitioner]'s plea of guilty. Yet, . . . Williams related he did not observe any significant cognitive impairments in his dealings and conversations with [Petitioner], and stated that [Petitioner] conversed intelligently with him when they spoke with each other. Further, . . . Williams testified that throughout his representation [Petitioner] gave him the impression that [Petitioner] "understood the nature of the charges against him, the range of punishment associated with those charges, and the procedural posture of the case and the procedures that would occur . . .," such that [Williams] opined that under the applicable statutory and case law he had no reason to be concerned about [Petitioner]'s competency to plead guilty. Similarly, . . . Williby testified he was aware [Petitioner] suffered from spina bifida and that there were possible mental issues which could arise from such a disease; however, he felt [Petitioner] understood the proceedings against him and participated in his defense to such an extent that . . . Williby had no reason to explore the issue of [Petitioner]'s competency. [Petitioner] has not proven that "but for the conduct of his [attorneys] about which he complains, he would not have pleaded guilty but would have insisted on going to trial." Cupp [v. State], 935 S.W.2d [367, 368 (Mo. Ct. App. 1996)]. Having found against [Petitioner] on the first element of his ineffective assistance of counsel claim, we are not required to consider the prejudice element of his claim. Johnson [v. State], 5 S.W.3d [588, 590 (Mo. Ct. App. 1999) (per curiam)]. We cannot say the motion court clearly erred. [Petitioner]'s point is denied.

**Gooch v. State**, No. SD29981, Opinion, dated May 6, 2010, Resp't Ex. E, at 8-11 (second, fourth, eighth, and twenty-seventh alterations in original).

Petitioner then timely filed his federal habeas petition in which he presents four grounds for relief. First, Petitioner argues that the trial court erred in sentencing him to a term of imprisonment beyond the Board of Probation and Parole's recommendation of ten to fifteen years because Victim was not beaten and did not have any injuries. (Pet'r Pet. at 5 [Doc. 1].) Next, Petitioner maintains that his counsel was ineffective for failing to have his competency assessed, and that the sentencing court knew of his health problems but proceeded against him with malice. (Id. at 7.) Third, Petitioner contends his rights were violated because his confession was written by the police and he did not know what was written in his confession when he signed it. (Id. at 8.) Fourth, Petitioner claims that there was no evidence that Victim was touched. (Id. at 10.)

Respondent replies that grounds one, three, and four are procedurally barred and may not be considered on their merits because Petitioner did not present them to the state courts in his amended post-conviction motion or in his post-conviction appeal, and has not demonstrated cause and prejudice, or a miscarriage of justice, to avoid that procedural default. With respect to ground two, Respondent counters that, as to the part of this claim that is based on the allegedly ineffective assistance of Petitioner's counsel in failing to raise Petitioner's competency to proceed, the Court may address the merits of this ground, because Petitioner presented that claim in his amended post-conviction motion and his appeal from the denial of that motion. Respondent argues that this ground should be denied on the merits, because the Missouri Court of Appeals correctly applied the standard set forth in **Strickland**, 466 U.S. 668, and Petitioner failed to present any evidence that he was unable to understand

the charges against him. To the extent ground two presents other claims, such as a claim that the sentencing court acted with malice or that Petitioner's counsel provided ineffective assistance of counsel by failing to raise Petitioner's competency at the time of the offense, Respondent contends those claims are procedurally barred because Petitioner failed to present those claims in his amended post-conviction motion and his post-conviction appeal.

The Court will first address Respondent's procedural argument regarding all of Petitioner's grounds, and then will address the merits of any ground that the Court may consider on the merits.

### Discussion

Procedural Default. To avoid defaulting on a claim, a Petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. **Wemark v. Iowa**, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) (citing, in part, to Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)); accord **Baldwin v. Reese**, 541 U.S. 27, 29 (2004). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." **Wemark**, 322 F.3d at 1021 (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996) (internal quotation marks and citations omitted). Claims that have not been fairly presented to the state courts are procedurally defaulted. **Id.** at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

Missouri requires the raising of constitutional claims at the first available opportunity. See **In re J.M.N.**, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004); **In re T. E.**, 35 S.W.3d 497, 504 (Mo. Ct. App. 2001). Due to the limited scope of a direct appeal after a guilty plea, see note 6, supra, constitutional challenges to the conduct of a state court or an attorney after a guilty plea may be presented to the state court through a post-conviction proceeding under Missouri Supreme Court Rule 24.035. See **Wilder v. State**, 301 S.W.3d 122, 127-30 Mo. Ct. App. 2010) (considering merits of a double jeopardy claim in a post-conviction proceeding under Rule 24.035). Specifically, that Rule provides the "exclusive procedure" for presentation to state court of "claims that the conviction or sentence imposed violates the . . . constitution of the United States, including claims of ineffective assistance of . . . counsel." Rule 24.035(b). Claims that should have been but were not presented in an amended post-conviction motion or on appeal from a denial of a post-conviction motion are procedurally defaulted and may not be considered in a federal habeas proceeding. See, e.g., **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006) (finding that claims not presented in an amended post-conviction motion under Mo. S. Ct. R. 29.15 or in the appeal from the denial of that motion are procedurally defaulted).

The allegations in grounds one and four, as well as the part of ground two in which Petitioner contends the sentencing court acted with malice toward Petitioner in light of Petitioner's health issues, are challenges to certain actions of the plea court. These plea court errors were not pursued in Petitioner's post-conviction motion proceeding, either in Petitioner's amended post-conviction motion or in his post-conviction appeal, and are

procedurally defaulted. Additionally, Petitioner did not present the state courts, either in his amended post-conviction motion or in his post-conviction appeal, with the part of ground two in which Petitioner may be asserting an ineffective assistance of counsel claim based on his attorneys failure to raise Petitioner's competency at the time of the offenses. Therefore, that aspect of ground two is also procedurally defaulted. To the extent ground three presents a cognizable claim, that claim also was not pursued in Petitioner's amended post-conviction motion and appeal, and is therefore procedurally defaulted.

Absent a showing of either cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992); accord **Skillicorn v. Luebbers**, 475 F.3d 965, 976-77 (8th Cir. 2007) ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims"). "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] .. . 'impeded [his] efforts to comply with the State's procedural rule.'" **Maples v. Thomas**, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)). There is no exhaustive catalog of the objective impediments, and the precise contours of the cause requirement have not been clearly defined. **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). Petitioner has not attempted to demonstrate cause for the default

of the claims in grounds one, three, and four, and the defaulted portion of ground two. No cause having been established, the Court does not need to address the prejudice element. **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996) (en banc). Under the circumstances, no cause and prejudice exists to allow consideration of the merits of Petitioner's procedurally defaulted claims.

To the extent a "miscarriage of justice" may allow a federal habeas court to address the merits of a procedurally defaulted claim, Petitioner has not demonstrated the applicability of that exception either. "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." **Cox v. Burger**, 398 F.3d 1025, 1031 (8th Cir. 2005). To establish actual innocence, Petitioner must provide new evidence and a "show[ing] that 'it is more likely than not that no reasonable juror would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord **House v. Bell**, 547 U.S. 518, 536-39 (2006) (Schlup standard applies to determine whether defaulted claims in a first federal habeas petition should be considered based on actual innocence). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316). Here, Petitioner has not shown or referred to any new evidence of his actual innocence. Therefore, Petitioner has not shown a

miscarriage of justice supporting consideration of the merits of any of his procedurally defaulted claims.

Under the circumstances, the Court will not further consider the merits of the procedurally barred claims in grounds one through four. In his post-conviction appeal, Petitioner presented the portion of ground two alleging that his attorneys were ineffective for failing to move for a mental examination to determine his competence to participate in the litigation. Accordingly, only that portion of ground two is not procedurally barred, and will be considered on the merits.[8]

Ineffective Assistance of Counsel - Failure to Raise Competence to Proceed in Court (Ground Two).

Standard of Review. "In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] to exercise only limited and deferential review of underlying state court decisions." **Lomholt v. Iowa**, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable

_____

[8] The state appellate court expressly limited Petitioner's appeal "to the question of his [attorneys'] failure to request a mental examination to determine his competency to proceed in his litigation." See Opinion in **Gooch v. State**, No. SD29981 (filed May 6, 2010), Resp't Ex. E, at 7 n.3. Therefore, that is the only claim that will be considered on the merits by this Court with respect to Petitioner's ground two.

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." **Williams v. Taylor**, 529 U.S. 362, 413 (2000). If the state court's decision is not "contrary to" clearly established law, then the standard of "unreasonableness" applies and is "meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" **Williams v. Roper**, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Harrington v. Richter, 131 S. Ct. 770, 786 (2011)), cert. denied, 134 S. Ct. 85 (2013). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." **Taylor**, 529 U.S. at 407-08; see also **id.** at 413. "The unreasonable application inquiry is an objective one." **de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009).

In reviewing state court proceedings to ascertain whether they are contrary to or involve an unreasonable application of clearly established federal law, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." **Cullen v. Pinholster**, 131 S. Ct. 1388, 1398 (2011) (quoting Harrington, 131 S. Ct. at 784, 786). Additionally, this Court's review is limited to consideration of the United States Supreme Court precedents at the time the state court issues its decision on the merits. **Greene v.**

**Fisher**, 132 S. Ct. 38 (2011) (relying on <u>Cullen</u>, <u>supra</u>); <u>accord</u> **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010) ("[o]nly rulings in [United States] Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling [United States] Supreme Court holding on the point" (citations omitted)). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (per curiam)).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." **Ryan v. Clarke**, 387 F.3d 785, 790 (8th Cir. 2004) (internal quotation marks omitted) (quoting <u>Jones v. Luebbers</u>, 359 F.3d 1005, 1011-12 (8th Cir. 2004)). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual

determinations made by a state court at either the trial or appellate levels.  **Smulls**, 535 F.3d at 864-65.

A petitioner has a heavy burden to overcome admissions the petitioner made at a plea hearing.  A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" **Nguyen v. United States**, 114 F.3d 699, 703 (8th Cir. 1997)  (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)); **Bramlett v. Lockhart**, 876 F.2d 644, 648 (8th Cir. 1989) (quoting Voytik, 778 F.2d at 1308); see also **Blackledge v. Allison**, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" and representations of the defendant at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings").

Elements of an Ineffective Assistance of Counsel Claim.  An accused's Sixth Amendment right to the assistance of counsel is a right to the effective assistance of counsel. **Marcrum v. Luebbers**, 509 F.3d 489, 502 (8th Cir. 2007) (citing Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)).  In **Strickland**, supra, the Supreme Court established a two-part test for determining whether or not an attorney provided effective assistance of counsel.  The petitioner must establish both deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," and prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  **Strickland**, 466 U.S. at 687-88, 694.  This same two-part standard "applies to challenges to guilty pleas based on [the] ineffective assistance of counsel."  **Hill**

**v. Lockhart**, 474 U.S. 52, 57-59 (1985); **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001).

For the performance prong of an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." **Armstrong v. Kemna**, 534 F.3d 857, 863 (8th Cir. 2008) ("**Armstrong**") (citing Strickland, 466 U.S. at 687-89). "Only reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the Sixth Amendment." **White v. Helling**, 194 F.3d 937, 941 (8th Cir. 1999) (quoting Nolan v. Armontrout, 973 F.2d 615, 618 (8th Cir. 1992)). The court is highly deferential in analyzing counsel's conduct and "'indulg[es] a strong presumption that counsel's conduct falls within the wide range of professional judgment.'" **Armstrong**, 534 F.3d at 863 (quoting Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006)); accord **Nguyen**, 114 F.3d at 704 (addressing a claim that counsel provided ineffective assistance with respect to a guilty plea and stating that "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" (quoting Strickland, 466 U.S. at 689)).

To establish prejudice, there must be a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694; **Armstrong v. Kemna**, 590 F.3d 592, 595-96 (8th Cir. 2010) ("**Kemna**") (quoting McCauley-Bey v. Delo, 97 F.3d 1104, 1105 (8th Cir. 1996)). "'A reasonable probability is [a probability] sufficient to undermine confidence in the outcome.'"

**Kemna**, 590 F.3d at 596 (quoting <u>McCauley-Bey</u>, 97 F.3d at 1105); <u>accord</u> **Carroll v. Schriro**, 243 F.3d 1097, 1100 (8th Cir. 2001) (quoting <u>Strickland</u>, 466 U.S. at 694). The petitioner bears the burden of showing such a reasonable probability. **Lawrence v. Armontrout**, 961 F.2d 113, 115 (8th Cir. 1992).

> When a petitioner has pleaded guilty,
>
> [t]he second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

**Hill**, 474 U.S. at 59; <u>accord</u> **Premo v. Moore**, 131 S. Ct. 733, 743 (2011) (to prevail on the prejudice element of an ineffective assistance of counsel claim related to a guilty plea, the petitioner had to demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' <u>Hill</u>," 474 U.S. at 59). The assessment of prejudice resulting from an attorney's allegedly deficient performance pertaining to a guilty plea, depends "in large part on a prediction whether" plea negotiations or a trial would have turned out differently. <u>Cf.</u> **Hill**, 474 U.S. at 59. Such a prediction must "be made objectively." **Id.** at 59-60.

The question of prejudice from counsel's performance need not be reached if the performance was not deficient. <u>See</u> **Parkus v. Bowersox**, 157 F.3d 1136, 1140 (8th Cir. 1998). Conversely, the question of counsel's allegedly deficient performance need not be

reached if a petitioner has failed to show prejudice.  See **Strickland**, 466 U.S. at 697;

**Williams v. Locke**, 403 F.3d 1022, 1025 (8th Cir. 2005).

To prevail on an ineffective assistance of counsel claim in a § 2254 habeas case, Petitioner

> must do more than show that he would have satisfied <u>Strickland</u>'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly.  Rather, he must show that the [state appellate court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner.

**Bell v. Cone**, 535 U.S. 685, 698-99 (2002); **Underdahl v. Carlson**, 381 F.3d at 742 (8th Cir. 2004).

<u>Merits of Ground Two.</u>  In ground two, Petitioner argues that his counsel was ineffective for failing to have his competency to participate in the litigation assessed.  Respondent argues that Petitioner did not present any evidence showing he did not understand the charges against him or that he could not aid in his defense.  Without such evidence, Respondent asserts, counsel is not ineffective for failing to raise Petitioner's competence to proceed in court.

The motion court concluded that Petitioner failed to provide "persuasive evidence that he was not competent to plead guilty;" that his "attorneys considered [Petitioner]'s mental status and correctly concluded . . . that he was competent to proceed"; and that "[t]here was no showing of a factual basis indicating the questionable nature of [Petitioner's] mental condition that should have caused either attorney to initiate an independent investigation .

. . or move for an examination to determine his competency."  (Mot. Ct. J. at 5, Legal File, Resp't Ex. B, at 57.)

In affirming the motion court, the state appellate court reviewed Petitioner's and his two attorneys' relevant testimony and concluded that, under the circumstances here, the fact that Petitioner's attorneys knew that Petitioner suffered from spina bifida and "left school without graduating" did not impose on the attorneys an affirmative duty to investigate Petitioner's mental fitness to proceed with his criminal case.  (**Gooch v. State**, No. SD 29981, Opinion, dated May 6, 2010, Resp't Ex. E, at 10-11.)  Furthermore, the Missouri Court of Appeals found that that knowledge also did not support a determination that the attorneys' failure to present Petitioner's competence to proceed constituted the ineffective assistance of counsel under the circumstances. (Id.)

Petitioner has not shown that the record fails to support the state court's factual determinations, and the available record supports those factual findings; therefore, the state court's decision did not involve an unreasonable determination of the facts and the Court will defer to the presumptively correct factual findings, including the credibility findings, of the state court.  Because the state appellate court applied the correct law, the two-part test for ineffective assistance of counsel under **Strickland**, supra, and **Hill**, supra, the issue now before the Court is whether the state appellate court's decision applied that law to the facts of Petitioner's case in an objectively unreasonable manner.

The failure of an attorney "to request a competency hearing where there was evidence raising a substantial doubt about a petitioner's competence to stand trial may constitute

-23-

ineffective assistance of counsel." **Speedy v. Wyrick**, 702 F.2d 723, 726 (8th Cir.1983).

An attorney's failure to request a competency hearing constitutes deficient performance under

**Strickland** "if evidence raised substantial doubt about [the petitioner's] mental competence"

to participate in the state court proceedings. **Ford v. Bowersox**, 256 F.3d 783, 786 (8th Cir.

2001). The test for competence to participate in court proceedings is well settled.

"A defendant may not be put to trial unless he has sufficient present ability to consult

with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as

well as factual understanding of the proceedings against him." **Cooper v. Oklahoma**, 517

U.S. 348, 354 (1996) (quoting Dusky, 362 U.S. at 402 (quotation marks omitted)) (alteration

in original). This competency standard also applies to one who is pleading guilty. **Godinez**

**v. Moran**, 509 U.S. 389, 398 (1993). Notably, the Supreme Court of the United States has

recognized that "defense counsel will often have the best-informed view of the defendant's

ability to participate in his defense." **Medina v. California**, 505 U.S. 437, 450 (1992)

(discussing state statute imposing on the defendant the burden of proof to establish

incompetency to stand trial).

Here, both of Petitioner's attorneys, who were aware of Petitioner's spina bifida and

limited education, testified that Petitioner appeared to understand the proceedings, the

procedural posture of the case, the nature of the charges, and the range of punishment.

Throughout their discussions with Petitioner and their representation of him, neither attorney

questioned Petitioner's ability to consult with them and to understand the proceedings.

Nothing of record counters either the state court's determination that Petitioner's counsel did

not provide ineffective assistance by failing to raise Petitioner's competence to participate in the state court proceedings, or the state court's related factual and credibility findings. The state court did not apply the pertinent law to the facts of Petitioner's case in an objectively unreasonable manner.

The Missouri Court of Appeals' decision affirming the motion court's denial of this ineffective assistance of counsel claim is not contrary to or an unreasonable application of clearly established federal law. Furthermore, the state appellate court's decision to consider only one element, rather than both elements, of **Strickland**'s standard for considering an ineffective assistance of counsel claim is not contrary to or an unreasonable application of clearly established federal law. See **Parkus**, 157 F.3d at 1140.

The ineffective assistance of counsel claim in ground two, which focuses on counsel's failure to raise Petitioner's competency to participate in the state court proceedings, is without merit and is denied.

## Conclusion

The Court concludes the petition should be denied. Grounds one, three, and four, as well as ground two, other than the claim in ground two that Petitioner's counsel failed to raise Petitioner's competency to participate in the state court proceedings, are procedurally defaulted. Petitioner has failed to establish either cause and prejudice or a miscarriage of justice sufficient to avoid that procedural default and to permit this Court's consideration of the merits of those claims. The remaining claim in ground two, that Petitioner's counsel

provided ineffective assistance by failing to raise Petitioner's competency to proceed in state court, is without merit.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Jay Cassady is **SUBSTITUTED** as Respondent in this federal habeas proceeding.

**IT IS FURTHER ORDERED** that the paper exhibits of the underlying state court proceedings filed by Respondent be **RETAINED UNDER SEAL**.

**IT IS FINALLY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** without further proceedings.

A separate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of March, 2014.